**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. PIERCE DIVISION**

**MICHAEL GROSS, et al.,**                                     CASE NO.: 2:24-cv-14240-DMM

     *Plaintiffs,*

v.

**NATIONAL CREDIT SYSTEMS, INC.,**
**et al.**

     *Defendants,*

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT EXPERIAN**
**INFORMATION SOLUTIONS, INC.'S MOTION FOR PROTECTIVE ORDER**

**INTRODUCTION**

Plaintiffs Michael and Ashley Gross oppose Defendant Experian Information Solutions, Inc.'s ("Experian") Motion for a Protective Order Governing Confidentiality.  Experian's motion fails to establish the requisite good cause under Fed. R. Civ. P. 26(c) and relies on conclusory assertions, speculative harms, and unsupported objections that do not withstand scrutiny under applicable law. The discovery sought by Plaintiffs is essential to their claims and can be produced without unduly burdening Experian or compromising any legitimate confidentiality interests.

**LEGAL STANDARD**

Under Fed. R. Civ. P. 26(c), a party seeking a protective order must demonstrate good cause, including specific and articulable facts showing a clearly defined and serious injury that would result from disclosure. Courts must balance the moving party's need for protection against the opposing party's right to relevant information. *See In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 484 F. Supp. 3d 249, 257 (E.D. Pa. 2020). Generalized allegations of harm or

speculative claims are insufficient. *See Wyndham Hotels & Resorts v. Leisure Getaways, Inc*., No. 6:17-cv-501-Orl-31GJK, 2017 WL 10059023, at 3 (M.D. Fla. Oct. 25, 2017).

## **ARGUMENT**

### I. Experian Fails to Establish Specific Harm Justifying a Protective Order

In *Clayton v. Tri City Acceptance, Inc.,* 2019 WL 5458002 (W.D. Ky. Oct. 24, 2019), the court compelled production of compliance manuals, emphasizing that conclusory harm arguments are insufficient. Experian asserts that disclosure of its dispute logs, (D/R logs), transaction logs, and administrative reports would cause competitive harm because they contain proprietary codes, file numbers, and internal processes. However, Experian provides no specific examples or technical explanations to substantiate its claims.

A close look at the belated affidavit filed only with Experian's motion for protective order shows that Experian's affiant only refers to speculative or possible harm "…identity thieves **might** be able to victimize… They **might** also be able to use the information to hide evidence…" *See* Declaration of Anna Simmons ("Simmons Decl."), DE 42.2 at ¶ 13, and in paragraph 10 Experian affiant writes: "it is my opinion that Experian would be at a great risk of suffering a serious injury to its business and reputation, and Experian's ability to compete in the credit reporting industry **might** be substantially compromised of their crimes…" *See Id.* at ¶ 10. .

In *Clayton*, the court rejected similar arguments based on generalized claims of harm, emphasizing that the moving party must provide concrete evidence of competitive disadvantage. In *Rodriguez v. Progressive Select Insurance Co.*, 2023 WL 5748474 (M.D. Fla. 2023), the court established that unsupported confidentiality claims do not justify a protective order.  Similarly, Experian's reliance on speculative harm fails to meet the burden under Rule 26(c).

Experian defines its D/R log as a record of disputes submitted by consumers and how they are resolved. Its transaction log purportedly tracks changes to a consumer's credit file, while the administrative report includes summaries of high-level administrative activity. Plaintiffs seek this information to evaluate whether Experian has adhered to its statutory obligations under the Fair Credit Reporting Act ("FCRA"), particularly regarding reinvestigation and dispute resolution.

## II. The Information Sought Is Central to Plaintiffs' Claims

Experian's policies and procedures are integral to assessing whether the company maintained reasonable accuracy and reinvestigated disputes as required under 15 U.S.C. §§ 1681e(b) and 1681i. Courts have consistently held that such discovery is appropriate in FCRA cases. In *Kingery v. Quicken Loans*, 2014 WL 1794863 (S.D. W. Va. 2014), the court compelled disclosure of compliance manuals, reasoning that they provide key insights into adherence to statutory requirements. Likewise, Plaintiffs seek manuals to examine whether Experian's practices are consistent with FCRA mandates even if the manuals depicting Experian's policies and procedures for FCRA compliance are produced with the screenshots redacted.

Experian's logs may reveal repeated disputes regarding the same inaccuracies, suggesting a failure to correct errors or implement effective safeguards. In *Zahran v. Trans Union Corp.*, 2002 WL 31010822 (N.D. Ill. 2002), the court ordered the production of dispute training guides and subscriber agreements, recognizing their importance in determining whether the defendant's processes aligned with legal obligations.

## III. Prior Confidentiality Agreements with Plaintiffs' Firm

That being said, Experian had previously agreed to confidentiality with Plaintiffs' firm where "Parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential", and where the destruction protocols were contingent on notice

being sent by Experian to the other party requesting the same and the undersigned was permitted to retain a copy of the working files so long as confidentiality was maintained. *Twersky v. Barclay Bank of Delaware, et al.*, Case No. 0:23-cv-60937-AHS (S.D. Fla. May 19, 2023).   If the Court is otherwise persuaded by Experian's argument, then Plaintiffs would ask for the same provision here.

In addition, in its proposed confidentiality order, Experian improperly shifts the burden to seek a Court Order sealing information that is purportedly confidential to Plaintiffs. If Experian is seeking to designate information as confidential then Experian is the proper party to seek a court ruling ordering that the document be filed under seal so long as it received notice of the intent to file which the Plaintiffs are willing to give, any potential confidential document  belongs to Experian and it is the one who has an interest in ultimately keeping the document from public view as such it should have the burden of extending the effort to draft the appropriate motion to persuade the Court of the same.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Experian's Motion for Protective Order and compel the production of the requested discovery, or in the alternative, enter the Proposed Order attached hereto as Exhibit A.

Date: December 16, 2024

*Respectfully Submitted,*

**SHARMIN & SHARMIN, P.A.**
830 North Federal Highway
Lake Worth, FL 33460
Telephone: 561-655-3925
Fax: 844-921-1022

*/s/ Eiman Sharmin*
Eiman Sharmin, Esq.
FBN: 716391
Email: eiman@sharminlaw.com
Brooke Sharmin, Esq.
FBN: 677841
Email: brooke@sharminlaw.com
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on December 16, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to all counsel of record.

*/s/ Eiman Sharmin*
Eiman Sharmin, Esq.
FBN: 716391
Email: eiman@sharminlaw.com
*Counsel for Plaintiffs*
