# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

MICHAEL GROSS and ASHLEY GROSS,

    Plaintiffs,

v.

NATIONAL CREDIT SYSTEMS, INC., TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC,

    Defendants.

Case No. 2:24-cv-14240-DMM

## [PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

1. This matter is before the Court on Defendant Experian Information Solutions, Inc.'s ("Experian" or "Defendant") Motion for a Protective Order Governing Confidentiality, filed on December 13, 2024. See (ECF No. 42) (the "Motion"). Upon review of the Motion, and Plaintiff's response the Court finds that documents and information likely to be sought, produced, or exhibited by and among the parties to this action include proprietary and trade secret information, including certain internal logs, policies, and business procedures that form the basis of Experian's business model. For these reasons, the Court GRANTS Experian's Motion and enters the following Protective Order Governing Confidentiality (the "Protective Order") as follows:

2. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel has a reasonable and good

faith belief the material contains a trade secret or other confidential research, development or commercial information . Information and documents designated by a Party as confidential will be

1

stamped "CONFIDENTIAL."

3. If counsel for any Party has a reasonable and good faith belief that, despite the provisions of this Agreement, there is a substantial risk of significant and concrete harm to the Party if particular documents it designates as "Confidential" are disclosed to all other Parties to this action, counsel for that Party may designate those particular documents as "Confidential—Attorneys' Eyes Only." Information or documents designated "Confidential" or "Confidential—Attorneys' Eyes Only" may be referred to collectively as "Confidential Information." In any dispute over the designation of materials as Confidential Information, the designating Party shall have the burden of proving that the materials constitutes a trade secret or other confidential research, development or commercial information.

4. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the Party receiving such information solely for use in connection with the above-captioned action. This use restriction shall not bar counsel for the Parties from relying on knowledge acquired from Confidential Information in any subsequent legal matters. It is the intention of all Parties that this Agreement shall in no way or manner restrict the practice of law of any counsel, consistent with the ethical rules governing counsel.

5. In the event a Party challenges another Party's confidential designation, counsel for the challenging Party and the designating Party shall make a good faith effort to resolve the dispute. If, after such effort at resolution, the challenging Party notifies the designating Party that resolution has not occurred, the designating Party shall, within 10 days of such notice, seek resolution by the Court. If the designating Party does not timely seek resolution by the Court, the challenged material will not be deemed Confidential Information. Nothing in this Agreement constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Confidential

Information disclosed, in accordance with applicable law and Court rules.

6. Except with the written consent of the designating Party, information or documents designated as "Confidential" shall not be disclosed to any person, other than the court, and:

   a. The requesting Party and counsel, including in-house counsel;

   b. Counsel's employees assigned to and necessary to assist in the litigation;

   c. Witnesses expected to be deposed or to testify in court or by declaration in this action;

   d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel.

7. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

   a. inform the person of the confidential nature of the information or documents; and

   b. inform the person that use of the information or documents for any purpose other than this litigation is prohibited.

8. The Confidential Information may be displayed to and discussed with the people identified in Paragraphs 5 (d) only on the condition that prior to any such display or discussion, each shall be asked to sign an agreement to be bound by this Agreement in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the Party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

9. All persons receiving any or all documents produced pursuant to this Agreement shall be advised of their confidential nature. No person receiving or reviewing such confidential documents, information or transcript shall

disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the designating Party shows good cause for failure to designate the material, and the material is designated pursuant to the procedures set forth herein no later than twenty days after the materials were originally produced.

11. Before filing any Confidential Information with the Court, the Party seeking to file the information may move for a protective order allowing the filing of redacted copies of the documents containing Confidential Information on the public record and the sealed filing of unredacted copies. If the Party wishing to file Confidential Information is not the owner of the Confidential Information, then the Party wishing to file the Confidential Information shall notify the owner of the Confidential Information of its intent to file specific documents seven days prior to filing. Within 7 days of such notice the owner of the confidential information shall file a motion to seal or waive the same.  Any Party filing any document under seal must comply with the requirements of Local Rule 1.11 of the United States District Court for the Middle District of Florida.

12. All documents, transcripts, or other materials subject to this Agreement, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential— Attorneys' Eyes Only") shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action, or in litigation

against the designating Party, in accordance with the provisions of this Agreement.

13. Nothing in this Agreement shall prevent, or restrict in any way, a Party from using at trial in this action any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

14. If, within fourteen days of the final conclusion of this action, a designating Party provides written notice to a receiving Party that is wishes the receiving Party to destroy the Confidential Information and any copies thereof, the receiving Party shall do so, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential. The foregoing is entirely without prejudice to the right of any Party to apply to the Court for any order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information. This Agreement may be enforced by either Party and any violation may result in the Court imposing sanctions.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE
DONALD M. MIDDLEBROOKS

5

## **EXHIBIT A**

## **ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Agreement dated _____ in the case captioned MICHAEL GROSS and ASHLEY GROSS, Case No. 2:24-cv-14240-DMM in the United States District Court for the Southern District of Florida and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Florida in matters relating to this Confidentiality Agreement.

Name:

Job Title: Employer:

Business Address:

Date:                                                    _____
                                                                             Signature